OF

# THE COURT OF APPEALS

OF KENTUCKY.

SUMMER TERM, 1868.

CASE 1—TAX DELINQUENT—JUNE 2.

## Vance vs. Commonwealth

APPEAL FROM FRANKLIN COUNTY COURT.

In a proceeding in the county court against a delinquent for failing to give in a list of his taxable property, the summons should state the offense in general terms. When the delinquent was not called on and not notified by the assessor or his assistant, and not reported as a delinquent by the assessor, the summons "*to show cause why he had not listed with the assessor,*" &c., did not charge an offense, and did not authorize the county court to render a judgment for a fine and triple tax. The delinquent ought to have been, in this case, summoned "to show cause why he had not listed with the clerk of the county court after the return of the assessor's book and before the first day of September."

VOL. III—30

---

---

T. N. & D. W. LINDSEY,                    For Appellant,
CITED—

*Revised Statutes, sec. 20, chap.* 83, 2 *Stanton,* 255.

1 *Bibb,* 515; *Alexander vs. Commonwealth.*

7 *Dana,* 341; *Johnson vs. Commonwealth.*

1 *Bibb,* 516; *McCall vs. Justices of Clark.*

JOHN RODMAN, Attorney General,            For Appellee,
CITED—

*Revised Statutes, sec.* 23, 2 *Stanton,* 256.

JUDGE WILLIAMS DELIVERED THE OPINION OF THE COURT:

This appeal is prosecuted to reverse a judgment of the Franklin county court in favor of the Commonwealth against Morgan Vance for a fine of five dollars and two hundred and fifty-eight dollars, triple tax for the year 1866, and the further sum of two hundred and seven dollars, triple tax for the year 1867, on a summons from the Franklin county court clerk, issued on the report of the sheriff, *"to show cause why he had not listed with the assessor of Franklin county his taxable property for the years* 1866 *and* 1867."

*Section* 5, *article* 6, *chapter* 83, 2 *Stanton's Revised Statutes,* provides that " the assessor or his appointed assistant, before he returns any one as a delinquent, *shall apply at his residence for a list of taxable property, and, in case of his absence, leave a written notice, with some white person of the household over sixteen years of age,* of the time and place in his county such person shall meet the assessor and give in his list; and if he fail to attend and give in such list, then the assessor shall report the person to the clerk of the county court as delinquent."

By section 20, same article, " If any person *fail* and *refuse* to give in a list of his taxable property when *legally called on for that purpose by the assessor or his assistant,*     *

* * he shall be adjudged a delinquent, and fined not exceeding one hundred dollars and costs, and be subject to the payment of three times the amount of the tax upon his estate."

And by section 21, it is made the duty of the assessor, when he returns his books, to return also a list of delinquents. The tax-payer is not a delinquent until the assessor has either called on him or left a written notice at his house, as prescribed, of the place and time to meet and list his property, under either of these sections, and he committed no offense under these provisions until so called on, which the summons fails to show had been done. If it was designed to proceed for a violation of these provisions, the summons should have notified him to show cause why he should not be adjudged guilty of their violation for refusing or failing to give in his list of taxable property to the assessor after being called on or notified by writing as provided. The summons sets out no offense of this character.

By section 24 it is provided, that " any person who has failed to give in his lists of taxable property *because he was not called upon by the assessor, may, after the assessor has returned his tax-book*, list the same *with the clerk of the county court at any time before the first day of September*, who, on taking the same, shall be governed by the law regulating the duty of assessors of tax."

By section 23 it is made the duty of the sheriff to report any delinquent known to him to the county clerk. And by section 25 the county court, if satisfied that the party was not willfully delinquent, may direct the county clerk to take his list and excuse the person from payment of the fine and triple tax upon payment of costs.

It is quite apparent that no one can be a delinquent under these provisions for not listing with the assessor;

but this delinquency is for failing to list with the *county clerk* after the return of the assessor's book and before September 1; and even then the court has the discretion to remit the fine and triple tax, unless he believes this is a willful failure; and should do so, as this is a highly penal statute.

The summons does not charge a failure to *list with the county clerk*, after the return of the assessor's book, but charges a failure to *list with the assessor ;* hence, it charges no offense under these provisions, and is therefore totally defective in not charging an offense of either class. The first class of offenders embrace those who, being called on by the assessor, refuse, or if not called on and be notified, fail to list with him their property. The second class embrace those who, not being called on by the assessor, shall willfully neglect to list their property with the county clerk after the return of the assessor's book and before the first day of September; and as the summons in this case charges neither offense, the judgment was radically erroneous, and is therefore reversed, with directions to the county court to dismiss the proceedings.